(89 App. Div. 204.)

### REDDING v. AMERICAN DISTRIBUTING CO. et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. EVIDENCE—CONCLUSIONS.
   The recovery against the A. Co. being authorized only if the E. Co. was its mere creature or agent, and the only evidence of this being the testimony, "The A. Co. controlled the E. Co."—a mere conclusion—it was error to refuse to strike it out.

Appeal from Trial Term, Kings County.

Action by Ralph W. Redding against the American Distributing Company and others. From a judgment on a verdict for plaintiff against defendants American Distributing Company and Edmund H. Garrison, and from an order denying their motion for a new trial, they appeal. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Charles F. Brown (Henry Thompson and Almon Goodwin, on the brief), for appellants.

Robert H. Elder, for respondent.

WILLARD BARTLETT, J. A corporation known as the Eastern General Bonded Warehouse Company, which was made a defendant in this action, but against which no judgment has been taken, held a lease of certain vacant storage warehouse property in the city of Boston, Mass., upon which it was liable for rent at the rate of $3,000 a year from July 1, 1897, to November 1, 1902. The claim of the plaintiff is that this corporation and the American Distributing Company agreed with him in April, 1897, that, if he would find a new tenant for the premises for the unexpired term of the lease, the two corporations would pay him for his services any increase above the fixed rental of $3,000 a year that the new tenant would agree

to pay, and that in pursuance of this agreement he found a tenant at the rate of $5,000 a year, and thus earned a compensation of $10,-666.66, on account of which he has obtained judgment against the appellants for upwards of $9,000.

In passing upon this appeal, it seems to me that it is necessary to consider only one point. The learned trial judge charged the jury that there was no ground upon which the American Distributing Company could be held liable unless the Eastern General Bonded Warehouse Company was its mere creature or mere agent. The only evidence tending to establish such a relation between the corporations as the court thus held to be necessary in order to create any liability on the part of one of them was given by John R. Walsh, who was examined upon commission in Massachusetts. The witness was asked to state what were the relations existing between the American Distributing Company, Mills & Co., the Empire Distilling Company, and the Eastern General Bonded Warehouse Company, and in what manner they were associated in business. The question was objected to, the objection was overruled, the defendants excepted, and the witness answered as follows:

"The American Distributing Company owned the Empire Distilling Company and D. T. Mills & Co., and operated them as their branches. The Eastern General Bonded Warehouse Company, as far as I know, was simply a part of the American Distributing Company for the purpose of shipping goods in bond. The American Distributing Company controlled the Eastern General Bonded Warehouse Company."

Upon motion, counsel for the plaintiff consented to strike out that portion of the answer in which the witness had said:

"The Eastern General Bonded Warehouse Company, as far as I know, was simply a part of the American Distributing Company for the purpose of shipping goods in bond."

Counsel for the defendants then moved to strike out the remaining sentence, as follows:

"The American Distributing Company controlled the Eastern General Bonded Warehouse Company."

The court denied this motion, and the defendants duly excepted.

I think that the exception thus taken was good, and should be deemed fatal to the judgment. According to the theory of the case upon which it was submitted to the jury by the learned trial judge, the answer related to a most material issue; being one upon which the plaintiff must prevail in order to establish his claim in the action. By the answer as given, the witness was permitted to testify to a conclusion without stating a single fact upon which it was based. If any facts existed warranting that conclusion, there could have been no difficulty, in the nature of things, in laying those facts before the jury. I know of no rule of evidence or precedent which sanctions the admission of evidence of this character. To hold that it did no harm in this case would be to hold that issues might properly be determined upon the testimony of witnesses who stated their conclusions of fact, without disclosing any of the circumstances upon which those conclusions were founded. The general rule is that this may not be done except as to matters in regard to which opinion evi-

dence is admissible, or sometimes where the facts upon which the conclusion is based are such as cannot be distinctly stated, so as to be within the grasp and comprehension of the jury. I think the judgment should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.